**REPUBLIC CREDIT CORPORATION I, Plaintiff–Appellant,**

**Federal Deposit Insurance Corporation, as receiver for Burritt Interfinancial Bancorporation, Plaintiff–Counter–Defendant,**

v.

**Todd W. HOFFMAN & Seth Boynick, Defendants–Appellees,**

**Richard S. Caplan, Defendant-Cross-Claimant-Counter-Claimant-Appellee,**

**Boston Equiserve Limited Partnership, Defendant–Cross–Claimant–Counter–Claimant–Cross–Defendant.**

**Docket No. 01–6259.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2002.

**20**

Charles D. Ray, Cummings & Lockwood, LLC; Karen Wagshul, on the brief, Hartford, CT, for Appellant.

Richard P. Weinstein, Weinstein & Wisser, West Hartford, CT, for Appellee.

Present LEVAL, SOTOMAYOR, Circuit Judges, and KOELTL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Burns, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is REVERSED and REMANDED FOR FURTHER CLARIFICATION.

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, J.) denying appellant's action to recover the unpaid balance of a

loan that was originally due on September 7, 1991, on the ground that the claim is barred by Connecticut's six-year statute of limitations for breach of contract actions.

Plaintiff argued below that the due date for the promissory note had been extended by operation of a 1991 Letter Agreement, and that its suit, brought on April 12, 1999, is not untimely. The 1991 Letter Agreement states: "Unless sooner demanded or as necessitated by the failure to comply with ... today's agreed upon repayment program ..., the note will be due in full on June 1, 1995." Defendants argued before the district court that, under the 1991 Letter Agreement, compliance with its repayment terms was a condition precedent to the extension of the due date. As the defendants had only made the first few payments scheduled under the 1991 Letter Agreement, and ceased payments altogether in February 1992, defendants claimed that this condition had not been met. The defendants also argued, in the alternative, that the 1991 Letter Agreement never went into effect because it had not been approved by the proper bank officials, and that the clause at issue acted as an automatic acceleration clause. The district court, after a bench trial, ruled on November 14, 2001 that "the maturity date of this Note was never extended to June 1, 1995, due to the complete failure of the Defendants to comply with the required terms of the letter agreement containing such new date."

If, as plaintiff argues, the district court had held that the default of a party under a validly formed contract renders that contract unenforceable, we would agree that this ruling is unsupported by any principle of contract law of which we are aware.

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Yet it is not evident that this was the basis for the district court's ruling. It is equally possible that the district court held that the 1991 Letter Agreement is a contract with condition precedent. Had it done so, this objection would no longer be relevant, as it would not be a breach of an existing contract that negated the defendant's obligations, but the failure of a condition precedent that triggered those obligations.

Because we are unable to determine if the district court did hold that the agreement was a contract with condition precedent, we are forced to remand for further clarification. On remand, the district court should explain whether the 1991 Letter Agreement ever came into effect, whether the extension of the due date was subject to a condition precedent, whether the due date was ever extended to 1995, and the reasons why the extended due date has (or has not) come into effect. The district court should also delineate the facts upon which it relies in making these findings.

We note that we have some difficulty in understanding how the 1991 Letter Agreement could rationally be construed as a condition precedent. It is unclear to us what the exact conditions precedent to the extension of the due date would be, or how many payments the defendants would need to make before the new due date came into effect. We also do not understand when the plaintiff would be able to sue on the unpaid principal. During the interim period when the September 1991 due date was still in effect, before the conditions precedent to the extension of the due date had been satisfied, would the defendants still have an obligation to pay the balance of the loan in September 1991? Could the plaintiff sue in 1992 or 1993 for the balance of the loan, notwithstanding that the defendants had not missed a payment under the new repayment terms? As the proper interpretation of the contract presents a question of fact, we leave these concerns for the district court to address in the first instance.

If the district court does not find that the 1991 Letter Agreement establishes a condition precedent to the extension of the due date, the district court may then consider the alternative defenses raised by the defendant: that the clause at issue should be construed as an automatic acceleration clause; that the agreement was not properly approved by the lender; that the agreement has been abandoned;[1] and that the agreement is a preliminary agreement to agree.[2] If the district court credits any of these defenses, it should then rule on plaintiff's contentions that the defendants are estopped from contesting the validity of the 1991 letter agreement and that the defendants have ratified the contract.

For the foregoing reasons, the judgment of the district court is hereby RE-VERSED and REMANDED FOR FUR-THER CLARIFICATION.

1. On appeal, the defendants raised abandonment as a defense. Plaintiffs countered that this argument was never raised below or pled as an affirmative defense. We leave it to the district court to determine if this defense has been properly raised.

2. At oral argument, counsel argued that the agreement could be read as a preliminary agreement to agree. It is also unclear to us whether this argument was properly raised below. To the extent that counsel argued that its condition precedent affirmative defense encompassed a claim that the 1991 letter agreement was a preliminary agreement to agree, we observe that a preliminary agreement to agree is distinct from a contract with condition precedent. *See Westerbeke Corp. v. Daihatsu Motor Co.,* —— F.3d ——, 2002 WL 1978908, at n. 3 (2d Cir. Aug.28, 2002).